United States Courts
Southern District of Texas
FILED

NOV 2 1 2007

Michael N. Milby, Clerk of Court

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

**KEVIN WILSON, INDIVIDUALLLY,**
**MELINDA WILSON, INDIVIDUALLY**        )(

**PLAINTIFFS,**        )(

**VS.**        )(

**DILLARDS, INC., CITY OF HOUSTON,**        )(
**A.A. FERRER, INDIVIDUALLY,**        )(
**S.U. BUKHARI, INDIVIDUALLY**        )(

**DEFENDANTS.**        )(

# H-07 -3946

**CIVIL ACTION NO.:_____**
**(JURY TRIAL)**

## PLANTIFFS ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES PLANTIFFS, KEVIN WILSON, Individually, MELINDA WILSON,

Individually, and in their original complaint will show the Court the following:

### PARTIES

1.    Plaintiff Kevin Wilson is a citizen of the United States and a resident of Texas.

2.    Plaintiff Melinda Wilson is a citizen of the United States and a resident of Texas.

3.    Defendant Dillards, Inc., is a Delaware Corporation with a home office at 1600

Cantrell Road, P. O. Box 486, Little Rock, Arkansas 72203 and can be served with process

by serving its agent for service of process, CT Corporation Systems, 350 North St. Paul

Street, Dallas, Texas 75201.

4.    Defendant A.A. Ferrer is an individual and an employee of the City of Houston Police

Department. Defendant A.A. Ferrer is a resident of Texas and can be served at the City of

Houston Police Department at 1200 Travis, Houston, Texas 77002.

5.     Defendant S. U. Bukhari is an individual and an employee of the City of Houston Police Department. Defendant S.U. Bukhari is a resident of Texas and can be served at the City of Houston Police Department at 1200 Travis, Houston, Texas 77002.

6.     Defendant the City of Houston, is a municipality located in Harris County, Texas. The City of Houston operates the Houston Police Department ("HPD"). The City of Houston may be served with citation herein by and through it's agent for service, Ms. Anna Russell, City Secretary, 900 Bagby Street, Room P-100, Houston, Texas 77002. Additional service is being made on Mayor Bill White, 901 Bagby Street, Houston, Texas. Copies of this document are being sent by Certified U.S. Mail, Return Receipt Requested, to: Chief Harold Hurtt, Houston Police Department, 1200 Travis Street, Houston, Texas 77002, and City Counsel Members: Carol Alvarado, Michael Berry, Peter Brown, Anne Clutterbuck, Ada Edwards, Adrian Garcia, Ronald Green, Pam Holm, Jarvis Johnson, M.J. Khan, Sue Lovell, Toni Lawrence, Addie Wiseman, City Hall Annex, 900 Bagby Street, 1st Floor, Houston, Texas 77002.

## JURISDICTION & VENUE

7.     This Honorable Court has jurisdiction and venue over the parties and this cause of action.

8.     The acts and omissions of Defendants complained about here originate from Dillard's Corporate Headquarters in Little Rock, Arkansas where Dillard's long ago institutionalized a Corporate Policy of using off-duty law enforcement officers for store security and failed to adequately screen, train and supervise store security personnel and employees with regard to reasonable Security Policies and Procedures, creating an atmosphere ripe for the incidents in

this lawsuit. Defendants' knowledge of problems arising out of Defendants' plan can be traced at least as far back as 1972. *Dillard Department Stores, Inc. d/b/a Gus Blass Company v. Stuckey*, 256 Ark. 881,551 S. W. 2d 154 (Arl.S.et. 1974) (verdict upheld for school teacher accused of and arrested for shoplifting by off-duty law enforcement officer). Plaintiff's claims arise under both federal and state law. In this regard, federal question jurisdiction exists as a result of federal causes of action asserted by Plaintiffs.

9.      Jurisdiction of this case is invoked under 42 U.S.C. 1331(s) and (4) to secure relief authorized by § 1981, 42 U.S.C. § 2000 (2) *et. seq.* as well as §§ 1981 and 1983. In addition, jurisdiction is proper in that Plaintiffs' seeks declaratory relief and judgment under 28 U.S.C. §§2201 and 2202 declaring that Dillard's Inc. discriminated against Plaintiff's. Supplemental jurisdiction is also invoked over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## FACTS

10.     Plaintiff, Kevin Wilson, resides in Fresno, Texas and is self employed as a Barber and is the owner of Clippers Styles Barbershop in Houston, Texas.

11.     Plaintiff, Melinda Wilson, resides in Fresno, Texas and is an employee of Exxon Mobil.

12.     On December 3, 2006, Kevin Wilson and Melinda Wilson both African American parked in the Dillards department store garage located in the Houston Galleria Mall. Kevin Wilson took some items designated as trash which included a plastic bottle containing a

small amount of crystal light (a flavored drink) and discarded the items in a trash can located at the garage entrance way of the Dillards store.

13.    Three white off-duty officers hired by Dillard's witnessed Mr. Wilson discard the items in the trash can, because they were positioned at the garage entrance where Mr. Wilson and his wife Melinda entered the store.

14.    Promptly after Mr. Wilson discarded the items in the trash he and his wife proceeded to the children's department to purchase some Christmas gifts for their two sons.

15.    A short time later the officers approached Mr. Wilson and accused him of possessing codeine in the water bottle he discarded earlier in the trash.

16.    Mr. Wilson told the officers over and over again that the bottle only contained a flavored drink called crystal light.

17.    Mr. Wilson was subsequently handcuffed and arrested by the off-duty security officers employed by Dillards inside the store in front of numerous Christmas shoppers including some of his barber clients who happened to witness some of the events.

18.    Mr. Wilson as a direct result of his false arrest was paraded through the store in handcuffs and taken to a back area of Dillards where they house individuals awaiting transport to jail for crimes they have allegedly committed on the Dillards premises.

19.    While awaiting transport to jail Mr. Wilson was subjected to racial jokes that were very offensive.  Mr. Wilson was taken to jail where he spent 21 hours for a crime he did not commit. The flavored drink was ultimately tested by the lab and it was confirmed that it was not an illegal substance, but merely a flavored drink as Mr. Wilson indicated before he was arrested by police.

## NO CONTRIBUTORY NEGLIGENCE OR COMPARATIVE FAULT

20.      Plaintiff's would next show that nothing Plaintiff's did or failed to do in any way contributed to the occurrence that made the basis of this lawsuit. Therefore, Plaintiff's was and is free from any comparative fault or contributory negligence as a result of the occurrences that made the basis of this lawsuit.

## KEVIN WILSON'S CLAIM FOR FALSE IMPRISONMENT

21.      Plaintiff incorporates by reference the allegations of the preceding paragraphs.

22.      Plaintiff would show that Defendants and/or employees and/or persons acting on behalf of Defendants or under Defendants' direction and control wrongfully and falsely detained Plaintiff against his will at Dillard's and/or falsely accused Plaintiff of possessing codeine, a controlled substance, in a water bottle. Defendants' conduct was unjustified and unlawful. As a direct and proximate result of Defendants' conduct in this regard, Plaintiff suffered injuries and damages.

## KEVIN WILSON'S CLAIM FOR ASSUALT AND BATTERY

23.      Plaintiff incorporates by reference the allegations of the proceeding paragraphs. Plaintiff would show that as a direct and proximate cause of Defendants' employee's offensive touching and assault and battery of him, Plaintiff suffered injuries and damages.

## KEVIN WILSON'S CLAIM FOR NEGLIGENCE

24.      Plaintiff incorporates by reference the allegations of the proceeding paragraphs. Plaintiff would show that additionally, the aforesaid incident and Plaintiff's injuries and damages were a direct and proximate result of the negligence of the Defendants in the following respects:

a. In failing to implement, enforce and follow a reasonable policy, plan/and or procedure for monitoring, investigating, detecting, apprehending, questioning, detaining, photographing, arresting and/or prosecuting suspected customers.

b. In failing to provide adequate training for officers;

c. In failing to follow and/or in violating store policies and procedures pertaining to customer service.

d. In failing to adequately, properly and/or reasonably control the conduct of Defendants agents, employees or servants so as to prevent harm to others;

e. In failing to review Defendants' own records to identify patterns, practices and misconduct;

f. In failing to provide adequate supervision; and/or,

g. In failing to take affirmative steps to avoid or prevent the incidents complained of herein despite being in a special position to do so.

h. Improperly, unreasonably and/or wrongly detaining the Plaintiff

i. In failing to warn customers and/or caution customers of hazards and/or dangers associated with being a minority customer shopping at Dillard's.

j. In failing to initiate security contacts and/or customer detentions based upon reasonable suspicion;

k. In failing to conduct security contacts and/or investigatory stops and detentions in a reasonable manner, for a reasonable amount of time and/or for a reasonable purpose;

l. In failing to review and analyze Defendants' own security files or records to determine whether Defendants are acting in conformity with their own security guidelines and/or to determine whether there is a pattern or practice of discrimination and/or false allegations of, for example, drug possession and/or

m. In failing to take affirmative steps to avoid or prevent the incidents complained of herein despite being in a special position to do so.

25.   Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

26.   Pleading further and/or in the alternative, Plaintiff would show that Defendants had a

duty to exercise reasonable care in controlling the conduct of Defendants' servants so as to

prevent Defendants' servants from intentionally harming others or from conducting

themselves in a manner, which created an unreasonable risk of harm to others. Defendants

knew or had reason to know that Defendants had the ability to control their servants and

knew or should have known of the necessity and opportunity for exercising such control, but

failed to do so in all respects and, therefore, violated their duties as set forth in the common

law and § 317 of the Restatement of Torts 2d. Said acts and/or omissions proximately caused

Plaintiff's injuries and damages.

27.     Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

28.     Defendants are responsible for the acts and omissions of their employees, agents, and

vice principals under the doctrine of respondent superior, agency and/or non-delegable duty.

## KEVIN WILSON'S CLAIM FOR INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

29.     Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

30.     Plaintiff would show that Defendants are also guilty of intentional infliction of emotional

distress and/outrage, which conduct as herein described above proximately caused injury and

damage Plaintiff.

31.     The above and foregoing acts and omissions, whether taken singularly or in any

combination, were a proximate cause of Plaintiff's injuries and damages.

## KEVIN WILSON'S CLAIM FOR INVASION OF PRIVACY

32.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

33.     The events, acts and omissions occurred at Dillard's Inc.'s premises in violation of

Plaintiff's right of Private matters concerning Plaintiff were communicated publicly.  More

specifically, accusations of illegal drug possession were announced publicly when there was not a

legitimate public concern.  Further, Plaintiff was arrested and jailed for possession of codeine

when Plaintiff had not done anything wrong.   Plaintiff did not consent to this public

communication. In addition, the public communications were untrue. Further, Plaintiff was shopping and his freedom to shop was terminated and prevented by Defendants unlawful conduct and baseless suspicions. The disclosures and misconduct were willful, without consent, unreasonably invasive and highly offensive, the proximate result of which was injury and damages to Plaintiff.

## KEVIN WILSON'S CLAIM FOR MALICIOUS PROSECUTION

34.     Plaintiff Kevin Wilson would show that due to Defendants acts and /or omissions herein above alleged , plaintiff was arrested, booked, charged and jailed. The charges against him were later dismissed, but plaintiff still has an arrest record on file which has now been made a public record. The reckless acts of all defendants were done with malice. As a proximate result of criminal prosecutions, Kevin Wilson suffered injury and damages.

35.     Plaintiffs incorporates by reference the allegations of the preceding paragraphs.

36.     Furthermore, Plaintiffs would show that the Defendants authorized, directed and/or actively participated in the incidents made the basis of this lawsuit. In addition, and /or alternatively, Defendants had knowledge of the policies and procedures and/or pattern and course of conduct giving rise to the incidents complained of in this lawsuit, but failed through their own negligence, intentional and/or conspiratorial conduct to take meaningful steps, if any, to prevent, change or object to these policies and procedures and/or this pattern and course of conduct, such that Defendants gave their consent and acquiescence to the occurrences made the basis of this lawsuit, despite Defendants being in a special position to prevent the occurrences made the basis of this lawsuit. Further, the Defendants knew or in the exercise of reasonable care should have known of the special and certain likelihood of genuine and serious mental distress and humiliation which would arise and has arisen from occurrences complained of herein.

Consequently, the conduct as herein described proximately caused injury and damage to Plaintiffs.

## KEVIN WILSON'S CLAIM FOR RACIAL PROFILING OF NON-WHITE CUSTOMERS: FEDERAL LAW

37.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

38.     The Plaintiff is African-American.  The Plaintiff was a Dillard's customer on the date of his incident.  He was ready, willing and able to purchase any items he would have chosen for Christmas gifts for his two sons.  Plaintiff would show that Defendants profile minority non-white customers, shoppers, and patrons, including African-American on the basis of race and engage in, foster and/or condone a pattern and practice or "racial profiling" or targeting African-Americans and/or other non-white customers, shoppers and patrons for suspicion of illegal activity and subjecting such shoppers to false accusations, false claims of disorderly conduct, drug possession, false imprisonment and/or other harassment and personal humiliation based on their race, color, age and/or gender.  The discriminatory conduct has been carried out by Defendants in company stores located throughout the United States by Defendants employees, representatives and/or agents acting upon the encouragement, instructions, acquiescence and/or with the knowledge and ratification of Dillard's Inc., including Defendants; management, officers, directors and/or shareholders.

39.     Dillard's Inc. utilizes law enforcement as store security nationwide where allowed by law.  Dillard's Inc.'s, security personnel are required by the company to wear their law enforcement uniforms and gear.  The security personnel are to provide a visible deterrent to protect company inventory and assets, prevent disorderly conduct and criminal acts, to protect store customers, protect store employees, and follow company security guidelines and

rules at Defendants stores.  The company is the primary principal concerning liability for the security officers.  Dillard's Inc.'s, security personnel take their direction from store managers, as well as assistant store managers and sales associates, and store managers and assistant store managers supervise the security officers.  However, store managers and assistance store managers hiring, supervising and directing their security officers nationwide receive no training on hiring security officers, training security officers or supervising security officers.

40.     Nationwide, all security officers are required by Defendants to read, sign and adhere to Defendants Security Rules and Guidelines.  In addition, these security officers sign Defendants originated employee paperwork.  Further, these security offers represent to the U. S. Government in income tax withholding documents that they are employed by Defendants.  Moreover, Defendants maintain employee personnel files on these security officers.

41.     Based on false information and accusations supplied by Houston Police Officers; A.A. Ferrer, and S. U. Bukhari the Plaintiff was further detained without conducting an independent investigation, subsequently arrested and taken into custody.  It is common practice and policy at Dillard's Inc, for security personnel to rely exclusively upon the word of untrained and/or inadequately trained personnel to contact, stop and detain innocent customers, including, more specifically, minority, non-white customers.  It is also a common practice for non-white customers to be accused wrongly of "disorderly conduct and other crimes".

42.     Despite being in a special position to eliminate conduct that resulted in Plaintiff's incident, Defendants actively and willfully participated in the incident.  Defendants had

personal direct knowledge of the pattern and practice and failed security policies resulting in Plaintiff's incident but did nothing to correct the problem.

43.     In addition and/or pleading further, a private corporation can, as in this case act under color of state law for its own unconstitutional policies by virtue of the Shopkeeper's and/or Merchants Privilege and a policy, or action by those who represent official policy that, as in this case inflicts humiliating, illegal injury.

44.     Plaintiff an African American male was targeted for surveillance and presumed to be guilty of unlawful conduct after entering a company store at the invitation of Defendants. Dillard's Inc.'s itself and/or by and through its employees as well as phantom security policies and no training, promotes an atmosphere of suspicion and intolerance toward minority customers.  White customers are not treated in a similar fashion.

45.     Plaintiff was unreasonably detained, questioned and/or investigated for unreasonable amounts of time, in an unreasonable manner and/or without a reasonable basis by each Defendant.  White customers are not treated in a similar fashion.

46.     Plaintiff would show that Defendants have denied Plaintiff the same right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms and conditions of a contractual relationship as in enjoyed by White citizens of the United States, in violation of 42 U.S.C. § 1981.  In this regard, Plaintiff was prevented from making purchases as a result of Defendant's willful misconduct.

47.     Pleading further, Plaintiff would show that Defendants have violated 42 U.S.C. § 1983, rendering Defendants liable to Plaintiff for his injuries and damages proximately caused by said violations.

48.     The above and foregoing acts and omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiff's injuries and damages.

## KEVIN WILSON'S CLAIM-UNDER 42 U.S.C. 1983

## AGAINST CITY OF HOUSTON, TEXAS

49.     Prior to December 3, 2006, the City of Houston Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Houston, Texas which caused the violations of Kevin Wilson's rights.

50.     It was the policy and/or custom of the City of Houston Police Department, to inadequately and improperly investigate police misconduct, and acts of misconduct were instead tolerated by the City of Houston, especially those committed by A.A. Ferrer and S.U. Bukhari.

51.     It was the policy and/or custom of the City of Houston Police Department, to inadequately supervise and train its officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The city of Houston did not require appropriate in-service training or retraining of officers who were working as off duty security officers at retail establishments such as Dillards, eventhough it was common knowledge that uniformed police officers working at Dillards were known to violate the civil rights of customers and even caused the death of customers during unlawful arrests.

52.     As a result of the above described policies and customs, officers of the City of Houston, including the defendants A.A. Ferrer and S.U. Bukhari, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53.     The City of Houston Police Department, also maintains a policy and custom of racial profiling of African Americans in violation of federal law. Kevin Wilson was targeted and arrested without any reasonable suspicion that he had committed a criminal offense. The officers involved could not have reasonably believed that Kevin Wilson was in possession of codeine.  These officers were in fact racially profiling an African American male, for no logical reason other than the color of his skin. This type of behavior is customary and is an intricate part of the policing strategy of the Houston Police Department.

54.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Houston, Texas and the City of Houston Police Department, to the constitutional rights of persons within the City and were the cause of the violations of Kevin Wilson's rights which were the result of the damages herein described.

## MELINDA WILSON'S CLAIM FOR FALSE IMPRISONMENT

55.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

56.     Plaintiff would show that Defendants and/or employees and/or persons acting on behalf of Defendants or under Defendants' direction and control wrongfully and falsely detained Plaintiff against her will at Dillard's and/or falsely accused Plaintiff's Husband Kevin Wilson of possessing and discarding of illegal drugs in an Ozarka water bottle. Defendants' conduct was unjustified and unlawful.  As a direct and proximate result of Defendants' conduct in this regard, Plaintiff suffered injuries and damages.

## MELINDA WILSON'S CLAIM FOR NEGLIGENCE

57.     Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

58.     Plaintiff would show that additionally, the aforesaid incident and Plaintiff's injuries and damages were a direct and proximate result of the negligence of the Defendants in the following respects:

    a.  In failing to implement, enforce and follow a reasonable policy, plan/and or procedure for monitoring, investigating, detecting, apprehending, questioning, detaining, photographing, arresting and/or prosecuting suspected customers.

    b.  In failing to provide adequate training;

    c.  In failing to follow and/or in violating store policies and procedures pertaining to customer service.

    d.  In failing to adequately, properly and/or reasonably control the conduct of Defendants agents, employees or servants so as to prevent harm to others;

    e.  In failing to review Defendants' own records to identify patterns, practices and misconduct;

    f.  In failing to provide adequate supervision; and/or,

    g.  In failing to take affirmative steps to avoid or prevent the incidents complained of herein despite being in a special position to do so.

    h.  The above and foregoing acts and omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiffs' injuries and damages.

    i.  In failing to warn customers and/or caution customers of hazards and/or dangers associated with being a minority customer shopping at Dillard's.

    j.  In failing to initiate security contacts and/or customer detentions based upon reasonable suspicion;

    k.  In failing to conduct security contacts and/or investigatory stops and detentions in a reasonable manner, for a reasonable amount of time and/or for a reasonable purpose;

    l.  In failing to review and analyze Defendants' own security files or records to determine whether Defendants are acting in conformity with their own security guidelines and/or to determine whether there is a pattern or practice of discrimination and/or false allegations of, for example, drug possession and/or

    m.  In failing to take affirmative steps to avoid or prevent the incidents complained of herein despite being in a special position to do so.

## MELINDA WISLON'S CLAIM FOR NEGLIGENT CONTROL OF SERVANTS

59.     Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

60.     Pleading further and/or in the alternative, Plaintiff would show that Defendants had a duty to exercise reasonable care in controlling the conduct of Defendants' servants so as to prevent Defendants' servants from intentionally harming others or from conducting themselves in a manner which created an unreasonable risk of harm to others.  Defendants knew or had reason to know that Defendants had the ability to control their servants and knew or should have know of the necessity and opportunity for exercising such control, but failed to do so in all respects and, therefore, violated their duties as set forth in the common law and § 317 of the Restatement of Torts 2d.  Said acts and/or omissions proximately caused Plaintiff's injuries and damages.

61.     Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

62.     Defendants are responsible for the acts and omissions of their employees, agents, and vice principals under the doctrine of respondent superior, agency and/or non-delegable duty.

## MELINDA WILSON'S CLAIM FOR INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

63.     Plaintiff incorporates by reference the allegations of the proceeding paragraphs.

64.     Plaintiff would show that Defendants are also guilty of intentional infliction of emotional distress and/or outrage, which conduct as herein described above proximately caused injury and damage to Plaintiff.

65.     The above and foregoing acts and omissions, whether taken singularly or in any combination, were a Proximate cause of Plaintiff's injuries and damages.

## AGENCY, RESPONDENT SUPERIOR, RATIFICATION AND/OR NON-DELEGABLE DUTY

66.     Plaintiff's incorporates by reference the allegations of the preceding paragraphs.

67.     Pleading further and/or in the alternative, Defendants are responsible for the acts and omissions of Defendants 'employees, agents and vice principals under the doctrines of respondent superior, agency, ratification and/or non-delegable duty.

## DAMAGES FOR PLANTIFF KEVIN WILSON AND MELINDA WILSON

68.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Kevin Wilson was caused to suffer and will continue to in the future suffer, severe mental aguish and emotional distress. The ordeal Defendants have put the Plaintiff through has caused him to fear police and believe that the police are not employed to protect and serve African American citizens of the Houston community. Furthermore, Mr. Wilson was caused to suffer extreme embarrassment and humiliation in front of several hundred shoppers during the Christmas holiday season at Dillards.

69.     Plaintiff has suffered out of-pocket expenses, which include travel expenses, attorney's fees, costs of court, time from work and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, and enhanced damages, pre-judgment interest, and post-judgment interest.

70.     The amount of total damages suffered by Plaintiff is significant and continuing in nature. Such amounts exceed the minimum jurisdictional limits of this Honorable Court. Plaintiff reserves the right to amend and state further with respect to their damages.

71.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Kevin Wilson for the necessary care and treatment of the injuries resulting from the

incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas.

Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(a)  Physical pain and suffering in the past;

(b)  Physical pain and suffering in the future;

(c)  Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

(d)  Loss of Consortium in the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

(e)  Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

(f)  Loss of Parental Consortium in the future, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

(g)  Loss of Household Services in the past;

(h)  Loss of Household Services in the future;

(i)  Mental anguish in the past;

(j)  Mental anguish in the future; and

(k)  Cost of medical monitoring and prevention in the future.

72.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Melinda Wilson was caused to suffer and will continue to in the future suffer, severe mental aguish and emotional distress.  The ordeal Defendants have put the Plaintiff through has caused her to fear police and believe that they are not employed to protect and serve African American citizens of the Houston community. Furthermore, Mrs. Wilson was caused to suffer

extreme embarrassment and humiliation in front of several hundred shoppers during the Christmas holiday season at Dillards.

73.     Plaintiff has suffered out of-pocket expenses, which include travel expenses, attorney's fees, costs of court, time from work and other expenses.  Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, and enhanced damages, pre-judgment interest, and post-judgment interest.

74.     The amount of total damages suffered by Plaintiff is significant and continuing in nature. Such amounts exceed the minimum jurisdictional limits of this Honorable Court. Plaintiff reserves the right to amend and state further with respect to their damages.

75.     And to incur the following damages;

    (a)     Physical pain and suffering in the past;

    (b)     Physical pain and suffering in the future;

    (c)     Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    (d)     Loss of Consortium in the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    (e)     Mental anguish in the past; and

    (f)     Mental anguish in the future

76.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

77.     The conduct of the Defendants and their agents, employees and representatives has been done willfully, recklessly, wantonly, maliciously and/or intentionally.  Accordingly, Plaintiffs are entitled to recover exemplary and punitive damages in an amount determined by the jury that is sufficient to punish Defendants and to serve as an example to others and as a deterrent to such future conduct.

78.    In addition, Plaintiff would show that the foregoing acts and/or omissions of the Defendants, whether taken singularly, collectively, or in any combination, amount to such willfully, wantonly and malicious misconduct as to evidence a conscious indifference to the rights, safety and welfare of Plaintiffs.  Further, the Defendants acted with intent to abuse, intimidate, harass, and humiliate the Plaintiff and cause him injury.  Defendants further acted and published the false statements about the Plaintiff with actual malice and/or with reckless disregard for the truth.   Additionally, Plaintiff would show as well that Defendants acts and/or omissions, therefore allow him to recover exemplary or punitive damages from the Defendants.

79.    The amount of damages will be according to the proof at trial, and, ultimately, it will be up to the jury or the Court to decide damages.  For example, the tier of fact may find instructive *Hampton v. Dillard Department Stores, Inc.,* 247 F 3d. 1091 (10th Cir. 2001), cert. denied, 524 U.S. 1131,122 S. Ct 1071 (2002), where Paula Hampton, an African-American customer, alleged false imprisonment and racially motivated detention.  In that case, a jury rendered a verdict in favor of Ms. Hampton, awarding $1,156,000.00.  In another case against Dillard's Zebbie Letheridge prevailed at trial and was awarded 22.5 million by the jury.  However, due to Defendants demand that Plaintiff set forth the amount of actual and exemplary damages that Plaintiff believes a reasonable jury would consider to be a fair and just amount of damages under the facts and circumstances of this litigation, Plaintiff respectfully prays that the trier of fact return a verdict providing a maximum amount in actual and punitive damages as to Plaintiffs, or in the jury's or Court's discretion, whatever amount of damages that the jury decides is just.

## PRE-JUDGMENT AND POST JUDGMENT INTEREST

80.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

81.     Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants.  Plaintiff's also seeks post-judgment interest at the maximum rate allowed by law.

## PRAYER

Plaintiff's pray that the Defendants be cited to appear and answer and that upon final hearing, Plaintiff's have a judgment of and from the Defendants, jointly and severally for:

i.      declaratory judgment;

ii.     equitable relief;

iii.    an injunction to prohibit defendant from engaging in further acts in violation of Plaintiff's civil rights;

iv.     past physical pain and mental suffering;

v.      future physical pain and mental suffering;

vi.     past and future mental aguish;

vii.    past physical impairment

viii.   past loss of enjoyment and quality of life;

ix.     future loss of enjoyment and quality of life;

x.      actual, incidental and consequential damages;

xi.     past and future medical bills;

xii.    reasonable attorney fees;

xiii.   costs of court;

xiv.   punitive and exemplary damages in an amount above the minimum jurisdictional limits of this court;

xv.   pre-judgment interest at the maximum legal rate for all damages suffered;

xvi.   post-judgment interest at the maximum legal rate for all damages suffered;

xvii.   for such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Kevin Wilson and Melinda Wilson, respectfully request that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By:_____

Troy J. Pradia
Federal Bar No. 30260
Texas Bar No. 24011945
Jonathan H. Cox
Texas Bar No. 24007047
402 Main Street, 4th Floor
Houston, Texas 77002
Tel: (713) 739-0402
Fax: (713) 752-2812
Attorney for Plaintiffs
Kevin Wilson and Melinda Wilson

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET H-07-3946

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KEVIN WILSON
MELINDA WILSON

## DEFENDANTS
DILLARDS, INC.
CITY OF Houston
A.A. FERRER
S.U. BOKHARI

(b) County of Residence of First Listed Plaintiff  FORT BEND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (713) 739 0402
TROY J. PRADIA STREET 4th FLOOR
402 Main Houston TX 77002

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause: Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 11/21/07

SIGNATURE OF ATTORNEY OF RECORD  Troy J Pradia

United States Courts
Southern District of Texas
FILED

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE NOV 21 2007

Michael N. Milby, Clerk of Court